Shannon B. Nakabayashi (State Bar No. 215469)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail:
Shannon.Nakabayashi@jacksonlewis.com

Veena Bhatia (State Bar No. 339939)
JACKSON LEWIS P.C.
160 West Santa Clara Street, Suite 400
San Jose, California 95113
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-mail:  Veena.Bhatia@jacksonlewis.com

Attorneys for Defendants
GARDAWORLD FEDERAL SERVICES, LLC,
and AEGIS DEFENSE SERVICES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE MARRUQUIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company, AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company, AEGIS LLC, a California limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS GARDAWORLD FEDERAL SERVICES, LLC, AND AEGIS DEFENSE SERVICES LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed concurrently with Declarations of Veena Bhatia and Iliyana Whiteway; Civil Case Cover Sheet; Corporate Disclosure Statement; Notice of Interested Parties; Certificate of Service*]<br><br>State Ct. Case No.:    CVPS2403707<br>State Ct. Compl. Filed:  06/07/2024<br>Removal Filed:        07/29/2024 |

1

DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF VALERIE MARRUQUIN, AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants GARDAWORLD FEDERAL SERVICES, LLC ("GardaWorld"), and AEGIS DEFENSE SERVICES LLC ("Aegis Defense") (collectively "Defendants") hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 and remove the above-entitled action to the United States District Court for the Central District (the "District Court") from the Superior Court of the State of California in and for the County of Riverside (the "Superior Court").

Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff VALERIE MARRUQUIN ("Plaintiff") and without conceding that Plaintiff has pleaded claims upon which relief can be granted. This removal is based on the following grounds:

## I.  PRELIMINARY STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendants under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

2.    As set forth below, jurisdiction within the District Court is proper on the grounds herein described and the action is timely and properly removed upon the filing of this Notice.

## II.  PROCEDURAL BACKGROUND

3.    On June 7, 2024, Plaintiff filed a civil complaint against Defendants in the Superior Court entitled *Valerie Marruquin vs. GardaWorld Federal Services LLC, Aegis Defense Services LLC, and Aegis LLC*, Case No. CVPS2403707, which sets forth the following two causes of action: (1) retaliation in violation of Labor

Code Section 1102.5 against all named defendants; and (2) wrongful termination in violation of public policy against GardaWorld. A true and correct copy of the Complaint is attached to the Declaration of Veena Bhatia ("Bhatia Decl.") as **Exhibit A**.

4.    On June 28, 2024, Plaintiff served a summons and complaint on Defendant GardaWorld. Defendant Aegis Defense was sub-served on the same day.

5.    On July 11, 2024, Plaintiff filed her request for dismissal of named defendant Aegis LLC without prejudice. A true and correct copy of the Request for Dismissal is attached as **Exhibit B** to Bhatia Decl.

6.    Defendants GardaWorld and Aegis Defense filed their Answer to the Complaint ("Answer") in the Superior Court on July 29, 2024. A true and correct copy of the Answer is attached as **Exhibit C** to Bhatia Decl.

7.    Pursuant to 28 U.S.C. §1446(d), **Exhibit D** to Bhatia Decl. constitutes all other pleadings received by Defendants in this action. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court.

8.    To Defendants' knowledge, no proceedings have been heard in the Superior Court.

**III.    TIMELINESS OF REMOVAL**

9.    Under 28 U.S.C. § 1446(b), a defendant in a civil action has 30 days from the date it is served with a summons and complaint in which to remove the action to federal court.

10.    This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendants filed it within 30 days after June 28, 2024, which is the date Plaintiff served Defendants with the Complaint. 28 U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6; Cal. Code Civ. Proc. § 412.20(a)(3).

11.    No previous Notice of Removal has been filed or made with this Court for the relief sought herein. Bhatia Decl. ¶ 8.

**IV.    NOTICE TO ALL PARTIES AND STATE COURT**

12.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly serve this Notice of Removal on all parties and promptly file a copy of this Notice of Removal with the Clerk of the Superior Court.

**V.    DIVERSITY JURISDICTION EXISTS**

13.    This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441 because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a), 1441.

**A. Complete Diversity of Citizenship Exists.**

14.    For the purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002). Domicile is determined by an individual's 1) residence in a state, and 2) her intent to remain indefinitely. *Id.*

15.    Plaintiff alleges that she began employment by Defendants as a healthcare recruiter. Complaint ¶ 13. She further asserts that she "is, and at all relevant times was, a resident of the State of California, County of Riverside." Complaint ¶ 1. Because Plaintiff is domiciled in California, she is a citizen of California for diversity jurisdiction purposes.

16.    For diversity purposes, a limited liability company is deemed to be a citizen of any state in which any member of the company is a citizen. 28 U.S.C. § 1332(d)(10). *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

17.    Defendant GardaWorld Federal Services LLC is a limited liability company under the laws of Delaware and has its principal place of business in Arlington, Virginia. Declaration of Iliyana Whiteway ("Whiteway Decl.") ¶¶ 3-5. GardaWorld's corporate headquarters and principal place of business is located in

Arlington, Virginia. GardaWorld's corporate executives primarily work out of the Virginia headquarters and its corporate activities are directed, controlled, and coordinated from there (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, and information systems). *Id.* In addition to conducting executive meetings at the Company's headquarters, GardaWorld's officers perform their day-to-day job duties in Virginia, including controlling, directing, and coordinating the activities of GardaWorld. *Id.* GardaWorld's members are neither organized under the laws of the State of California nor have their principal place of business in California. *Id.* GardaWorld is thus a citizen of the states of Delaware and Virginia.

18.    Likewise, Defendant Aegis Defense Services LLC is a limited liability company under the laws of Delaware and has its principal place of business in Arlington, Virginia. Whiteway Decl. ¶ 6. Aegis Defense's corporate headquarters and principal place of business is located in Arlington, Virginia. Aegis Defense's corporate executives primarily work out of the Virginia headquarters and its corporate activities are directed, controlled, and coordinated from there (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, and information systems). *Id.* In addition to conducting executive meetings at the Company's headquarters, Aegis Defense's officers perform their day-to-day job duties in Virginia, including controlling, directing, and coordinating the activities of Aegis Defense. *Id.* Aegis Defense's members are neither organized under the laws of the State of California nor have their principal place of business in California. *Id.* Aegis Defense is thus a citizen of the states of Delaware and Virginia.

19.    The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a)…the citizenship of defendants sued under fictitious names shall be disregarded").

20.    Thus, the diversity element of 28 U.S.C. § 1332 removal is satisfied because Plaintiff is a citizen of California and is not a citizen of Delaware or Virginia. Accordingly, there is "complete diversity," because no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009).

**B.  Plaintiff's Complaint Places More Than $75,000 in Controversy.**

21.    Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

22.    The amount in controversy includes all relief claimed at the time of removal to which the Plaintiff would be entitled if she prevails. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018). Further, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Where a Plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that Plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

23.    Plaintiff has brought this lawsuit to recover damages against Defendants for retaliation and wrongful termination. *See* **Exhibit A**, Complaint, generally. While the Complaint does not specify the total dollar amount of damages sought, it is apparent that the amount in controversy is well in excess of the Court's jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332(a).

24.    The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages. *Simmons v. PCR Tech.*, No. C 02-1504 MHP, 2002 U.S. Dist. LEXIS 11893, at *3-4 (N.D. Cal. Mar. 28, 2002).

25.    **Economic Damages**: Plaintiff alleges damages including "back pay and benefits." Complaint page 9:6-9, Prayer for Relief. Plaintiff was earning

approximately $70,000 annually at the time of termination. Whiteway Decl. ¶ 7. Plaintiff alleges she was terminated on or around August 17, 2023, which is over one year and eight months from the date of this removal. *See* Complaint ¶ 21. Therefore, as of the date the Complaint was filed, Plaintiff's claim for lost earnings exceeded more than one year of compensation, which exceeds the $75,000 threshold for diversity jurisdiction alone.

26. **Emotional Distress Damages**: Plaintiff alleges she suffered "humiliation, emotional distress, and physical and mental pain and anguish," and anxiety. Complaint ¶¶ 26, 35. Courts must consider all recoverable damages, including emotional distress damages, when evaluating the amount in controversy on removal. *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Plaintiffs alleging emotional distress as a result of wrongful termination and discrimination regularly seek and recover in excess of $75,000 for such damages. *See, e.g., Martin v. Arrow Elecs., 29 Trials Digest 9th 14, 2006 WL 2044626* (awarding $300,000 for non-economic damages including mental suffering in disability discrimination and wrongful termination case); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (upholding jury award in excess of $75,000 in non-economic damages). Accordingly, $75,000 is a reasonable and conservative estimate of the emotional distress damages placed in controversy by the Complaint.

27. **Punitive Damages**: Plaintiff also seeks punitive and exemplary damages. Complaint ¶¶ 28, 36, pg. 9:15-16, 9:24-25, Prayer for Relief. The amount in controversy may include punitive damages when they are recoverable as a matter of law. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (highlighting employment discrimination cases in which juries awarded "substantial" amounts in punitive damages, thus "amply" showing the "potential for large punitive damages awards" in such cases). Thus, again, it is reasonable to estimate that Plaintiff seeks and could recover at least $75,000 for alleged punitive damages if she were to prevail. Although Defendants vigorously deny Plaintiff's

allegations in its entirety, if Plaintiff were to prevail on any of her claims and establish the requisite state of mind, the potential punitive damages award would likely surpass the $75,000 jurisdictional minimum.

28.    **Statutory Penalties**: Plaintiff's Complaint seeks to recover statutory penalties in the amount of $10,000 for alleged whistleblower retaliation. *See* Compl. ¶ 27, page 9:11-12, Prayer for Relief. Thus, Plaintiff's retaliation claim places at least $10,000 in controversy. *See* Cal. Lab. Code § 1102.5(f)(1).

29.    **Attorneys' Fees**: The Complaint also seeks recovery of attorneys' fees and costs. Complaint ¶ 27, pg. 9:13-14, Prayer for Relief. Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees are recoverable as a matter of right to the prevailing party under the Labor Code. Cal. Lab. Code § 1102.5(j). Thus, the court may consider fees when assessing the amount in controversy. Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work. Even assuming the most conservative figure of 100 hours, at $300 per hour, Plaintiff's alleged entitlement to attorneys' fees places at least $30,000 in controversy.

30.    Accordingly, taken all together, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy.

## VI.    <u>NO ADMISSION</u>

31.    Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000 exclusive of interest and costs.

DEFENDANTS' NOTICE OF REMOVAL

**VII.    VENUE IS PROPER**

32.    28 U.S.C. § 1441(a) provides in pertinent part that "any civil action brought in State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

33.    As stated above, Plaintiff brought this action in California Superior Court, County of Riverside. Thus, venue properly lies in the United States District Court for the Central District of California. 28 U.S.C. §§ 84(c) and 1441(a).

**VIII.    DIVISIONAL ASSIGNMENT**

34.    The United States District Court for the Central District of California, Eastern Division, is the proper division for this action under 28 U.S.C. §§ 84(c)(1), which states that the Eastern Division comprises the counties of Riverside and San Bernardino. Court for the Eastern Division shall be held at a suitable site in the city of Riverside, the city of San Bernardino, or not more than 5 miles from the boundary of either such city. 28 U.S.C. §§ 84(c)(1).

**IX.    CONCLUSION**

35.    Based on the foregoing, Defendants request that this action be removed to this Court.

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court to this Court.


July 29, 2024                                JACKSON LEWIS P.C.


By:   */s/ Shannon B. Nakabayashi*
        Shannon B. Nakabayashi
        Veena Bhatia
        Attorneys for Defendants
        GARDAWORLD FEDERAL
        SERVICES, LLC, and AEGIS
        DEFENSE SERVICES LLC

4870-8815-9187, v. 1

9

DEFENDANTS' NOTICE OF REMOVAL