# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 06/07/2024 07:12 PM
Case Number CVPS2403707 0000095527151 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

Gary S. Brotman (SBN 287726)
gary@marqueelaw.com
Diego Gallego Gómez (SBN 337395)
diego@marqueelaw.com
MARQUEE LAW GROUP, A Professional Corporation
9100 Wilshire Boulevard, Suite 445 East Tower
Beverly Hills, California 90212
(310) 275-1844 telephone
(310) 275-1801 fax

Attorneys for Plaintiff
VALERIE MARRUQUIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| VALERIE MARRUQUIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company; AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company; AEGIS LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: CVPS2403707<br><br>**COMPLAINT FOR:**<br><br>1. **Retaliation in Violation of Labor Code Section 1102.5; and**<br>2. **Wrongful Termination in Violation of Public Policy.** |

Plaintiff alleges:

### PARTIES

1.     Plaintiff, Valerie Marruquin ("Plaintiff" herein), is, and at all relevant times was, a resident of the State of California, County of Riverside.

2.     Plaintiff is informed and believes, and based thereon alleges, that Defendant GardaWorld Federal Services, LLC ("Garda"), is and at all relevant times was, a limited liability company organized and existing under the laws of the state of Delaware, qualified to do business in the state of California, with its principal place of business located at 1700 N. Moore Street, Suite 1875, Arlington, VA 22209.

-1-
COMPLAINT

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Aegis Defense Services, LLC ("ADS"), is and at all relevant times was, a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 1760 Old Meadow Road, Suite 550, McClean, VA 22102. Plaintiff is informed and believes that ADS was not qualified to do business in the state of California.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendant Aegis LLC ("Aegis"), is and at all relevant times was, a limited liability company organized and existing under the laws of the state of California, qualified to do business in the state of California, with its principal place of business located at 2028 3rd Avenue, San Diego, CA 92176.

5.      At all relevant times herein, Defendants employed Plaintiff, within the meaning of California Government Code § 12926(d). Plaintiff was employed by Defendants and worked remotely for Defendants from her home in Riverside County, California, until, as alleged herein, Plaintiff's employment was terminated for unlawful reasons in violation of the California Fair Employment and Housing Act ("FEHA," California Government Code § 12900 et seq.) and in violation of California public policy.

6.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by said Defendants. (Garda, ADS, Aegis and DOES 1 through 50 shall collectively herein be referred to as "Defendants").

7.      Unless otherwise alleged in this Complaint, Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants sued herein was, at all relevant times hereto, the employer, owner, principal, franchisee, proxy, agent, employee, supervisor, representative, manager, managing agent, joint employer, and/or alter ego of the remaining Defendants, and was

acting, at least in part, within the course and scope of such employment and agency, with express and implied permission, consent, and knowledge. The above Defendants, managing agents, and supervisors aided, abetted, condoned, permitted, willfully ignored, approved, authorized, and/or ratified the unlawful acts described herein, and each and every one of the acts and omissions alleged herein were performed by, and/or are attributable to all Defendants.

### JURISDICTION

8.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendants, and each of them, were doing business in the State of California such that the exercise of jurisdiction by this Court would not be inconsistent with the Constitution of the State of California and/or the United States of America.

9.    This Court has jurisdiction over this action pursuant to Code of Civil Procedure Section 410.10

10.    The total amount in controversy for claims of Plaintiff is more than Twenty-Five Thousand Dollars ($25,000). In addition, Plaintiff asserts no claims under federal law, with all causes of action named herein being based exclusively under California law.

### VENUE

11.    Plaintiff is informed and believes, and based thereon alleges, that venue is proper in Riverside County because Defendants, and each of them, have conducted business within Riverside County and a substantial portion of the wrongful acts complained of occurred therein.

### GENERAL ALLEGATIONS

*Plaintiff's Employment:*

12.    Defendants collectively offer security staffing services nationwide, with a general focus on providing security personnel, private investigation services, and security training across the country. However, during the global COVID-19 pandemic, Defendants won a lucrative healthcare staffing contract in Texas to begin providing staffing services in the healthcare

1   industry. From there, Defendants began picking up commercial healthcare contracts with

2   Managed Service Providers and began developing a new division of its company dedicated to

3   staffing travel nurses with various hospitals and nursing homes throughout the country.

4       13.    Defendants jointly employed Plaintiff from on or about November 7, 2022 until

5   on or about August 17, 2023 (the "Employment Period"). Defendants hired Plaintiff as a

6   healthcare recruiter to assist Defendants in providing its staffing services in the healthcare

7   industry throughout a number of states. Plaintiff's job duties including, but were not limited to,

8   reaching out to prospective applicants to fill vacancies with Defendants clients, and ensuring that

9   Defendant's staffing services met all state and local ordinances and regulations.

10       14.    Throughout the Employment Period, Defendants jointly exercised control over

11   Plaintiff's wages, hours, and work conditions. Plaintiff's wage statements identify ADS as her

12   employer and the payroll records provided by Defendants reflect Garda as the payor of Plaintiff's

13   wages. Garda and ADS further controlled Plaintiff's work conditions via a joint employment

14   agreement to Plaintiff. Garda also controlled Plaintiff's work conditions as its employee

15   handbook governed Plaintiff's employment, it evaluated Plaintiff's performance, and required

16   her to sign a number of agreements with Garda as a condition of her employment. However,

17   Aegis maintained control over the accrual and use of Plaintiff's accrued PTO during the

18   Employment Period. Each of the Defendants managed the day-today tasks and responsibilities

19   for Plaintiff, and each of the Defendants had the ability to terminate Plaintiff's employment –

20   which they wrongfully did.

21   ***Plaintiff's Job Performance:***

22       15.    Plaintiff was an exemplary employee throughout the entirety of her employment.

23   Plaintiff was a hard-working and successful healthcare recruiter who consistently met her work

24   performance expectations. Her only performance review reflected that Plaintiff met or exceeded

25   expectations in every category.

26   ***Defendant's Retaliatory Actions:***

27       16.    In or about January 2023, Plaintiff's supervisor Michael Akers ("Akers") brought

28   it to the staff's attention that Defendants were staffing nurses with suspended, revoked, or

otherwise inactive nursing licenses. Akers told this to Plaintiff and her team to ensure that they began to verify the nursing licenses before placing employees. The following month, Akers was fired by Defendants.

17.     Plaintiff took on many of Akers' responsibilities after he was terminated. During this time her supervisor became Vice President of Global Staffing Jonathan Wilcoxen ("Wilcoxen").

18.     During this time that Defendants were without a Manager of Healthcare Staffing, Plaintiff learned that Defendants were continuing to place workers in states where Defendants were not licensed to do business as a healthcare staffing agency. For instance, Defendants attempted to place a nurse into a hospital in Pennsylvania when Plaintiff was informed that Defendants did not have the proper healthcare staffing license for the state. Plaintiff reported this to her team and her superiors, but Defendants failed to obtain the state license, and instead the nurse's position was terminated.

19.     In or about June 2023, Defendants hired Ryan Ramirez ("Ramirez") to be the Manager of Healthcare Staffing. Plaintiff informed Ramirez on multiple occasions that Defendants lacked the appropriate staffing licenses in a number of states. Ramirez told Plaintiff everything was fine and to continue staffing. During this time Defendants continued to staff nurses in states where Plaintiff had informed Defendants that a staffing license was required. Defendants instructed Plaintiff and her team to continue trying to hire nurses in these states.

20.     In or about July 2023, Plaintiff came across several states where Defendants did not have a license to staff healthcare workers and brought these to Ramirez's attention. Ramirez in turn told Plaintiff that he was waiting to hear from his superiors and to continue staffing nonetheless. Plaintiff asked what states Defendants had a license in and Ramirez could not tell her. Plaintiff asked the legal team, and they did not have that information either. Plaintiff sent Ramirez an application for a license to serve as a staffing agency to the healthcare workers of a particular state so he could see what she was talking about, but Ramirez never took any action to register with any state.

21.     Rather than taking an action to bring Defendants healthcare staffing efforts into compliance with state regulations, Defendants retaliated against Plaintiff by terminating her employment on or about August 17, 2023. Defendants' pretextual reason for Plaintiff's termination was "performance" and "personality clash".

## FIRST CAUSE OF ACTION

(Retaliation in Violation of Labor Code Section 1102.5 by Plaintiff against Defendants and DOES 1-50)

22.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

23.     Labor code section 1102.5 provides protection for complainants such as Plaintiff. Defendants are prohibited from discriminating against, retaliating against, and/or discharging an employee for disclosing information to a government agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information disclosed a violation of or noncompliance with a local, state, or federal rule or regulation.

24.     As alleged herein above, Plaintiff reported that Garda was not in compliance with various states' laws because Garda did not obtain proper licensing or other registration to operate as a healthcare staffing agency in certain states and was staffing nurses unlawfully. Plaintiff reported this to her coworkers, her manager Ramirez, Wilcoxen, and Garda's legal team, each of whom Plaintiff reasonably believed had the authority to investigate, discover, or correct the violation or noncompliance. Rather than correct said noncompliance, Defendants retaliated against Plaintiff via the termination of her employment.

25.     Defendants retaliated against Plaintiff for the above-alleged protected activities by terminating her for reporting Garda's failure to comply with various states' laws and/or other adverse employment actions.

26.    As a direct and proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof at the time of trial.

27.    Plaintiff is further entitled to back pay and benefits pursuant to Labor Code section 98.6, subdivision (b), actual damages pursuant to Labor Code section 1105; civil penalties pursuant to Labor Code section 1102.5, subdivision (f); and an award of reasonable attorneys' fees pursuant to Labor Code section 1102.5, subdivision (j).

28.    The acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard of Plaintiff's rights and with intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff to be within the meaning of Civil Code section 3294. Plaintiff is therefore entitled to punitive and exemplary damages in an amount sufficient to punish and make an example of Defendants.

## SECOND CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy by Plaintiff against Garda and DOES 1-50)

29.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of this Complaint.

30.    At all relevant times, there existed an employer-employee relationship between Plaintiff and Defendants, and at all times herein, Plaintiff was duly qualified and performed her employment duties in a satisfactory manner.

31.    Defendants' termination of Plaintiff's employment was in violation of fundamental public policies articulated in Labor Code section 1102.5. Specifically, it is wrongful to terminate an employee in retaliation for disclosing information to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information disclosed a violation of or noncompliance with a local, state, or federal rule or regulation. (Lab. Code § 1102.5.)

32.     At all relevant times, Labor Code section 1102.5 was in full force and effect and binding upon Defendants.

33.     Plaintiff's complaints concerning violations as alleged herein above made to employees, as agents with the authority to investigate and/or correct violations or noncompliance, were substantial motivating reasons for the termination of Plaintiff's employment.

34.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and other job benefits, and will for a period of time in the future be unable to obtain gainful employment, as Plaintiff's ability to obtain such employment and earning capacity has been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave to amend this Complaint to the exact amount when it is ascertained.

35.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered general damages, as Plaintiff was psychologically injured. Such injuries have caused and continue to cause Plaintiff great mental pain and suffering, humiliation, grief, and anxiety, in an amount more than the jurisdictional limits of this Court.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendant's (including employees, officers, directors, and/or managing agents of Defendants) conduct was willful, knowing, malicious, and intentional and done in reckless disregard of the damaging consequences to Plaintiff. Defendant's conduct evidenced a conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover actual, compensatory, punitive, and exemplary damages in amounts according to proof.

37.     Plaintiff is informed and believes, and based thereon alleges, that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well as by and through its officers, directors, and/or managing agents.

-8-
COMPLAINT

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

**UNDER THE FIRST CAUSE OF ACTION**

(Retaliation in Violation of Labor Code Section 1102.5)

1. For compensatory, consequential, general, and special damages, subject to proof;
2. For back pay and benefits pursuant to Labor Code section 98.6, subdivision (b);
3. For actual damages pursuant to Labor Code section 1105;
4. For civil penalty(s) pursuant to Labor Code section 1102.5, subdivision (f), subject to proof;
5. For an award of reasonable attorneys' fees pursuant to Labor Code section 1102.5, subdivision (j);
6. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
7. For interest according to law;
8. For costs of suit incurred herein; and
9. For such other and further relief that the Court may deem just and proper.

**UNDER THE SECOND CAUSE OF ACTION**

(Wrongful Termination)

1. For all compensatory, consequential, general, and special damages, subject to proof;
2. For punitive damages in an amount to be determined by the Court to be reasonable under the circumstances of this case;
3. For interest according to law;
4. For costs of suit incurred herein; and
5. For such other and further relief that the Court determines to be just and proper.

-9-
COMPLAINT

Date: June 7, 2024                    MARQUEE LAW GROUP, APC

Gary S. Brotman
Diego Gallego Gómez
Attorneys for Plaintiff Valerie Marruquin

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial with respect to all issues triable in the
Complaint.

Date: June 7, 2024                    MARQUEE LAW GROUP, APC

Gary S. Brotman
Diego Gallego Gómez
Attorney for Plaintiff Valerie Marruquin

-10-
COMPLAINT

# EXHIBIT B

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 287726 | *FOR COURT USE ONLY* |
|---|---|---|

NAME: Gary S. Brotman
FIRM NAME: Marquee Law Group, APC
STREET ADDRESS: 9100 Wilshire Blvd., Ste 445 East Tower
CITY: Beverly Hills     STATE: CA     ZIP CODE: 90212
TELEPHONE NO.: (310) 275-1844     FAX NO.: (310) 275-1801
E-MAIL ADDRESS: gary@marqueelaw.com
ATTORNEY FOR (name): VALERIE MARRUQUIN

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
 STREET ADDRESS: 3255 E. Tahquitz Canyon Way
 MAILING ADDRESS:
 CITY AND ZIP CODE: Palm Springs, CA 92262
 BRANCH NAME: Palm Springs Courthouse

PLAINTIFF/PETITIONER: VALERIE MARRUQUIN
DEFENDANT/RESPONDENT: GARDAWORLD FEDERAL SERVICES, LLC, et al

| REQUEST FOR DISMISSAL | CASE NUMBER: CVPS2403707 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                on (date):
      (4) ☐ Cross-complaint filed by (name):                on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* AEGIS LLC, a California limited liability company.

2. *(Complete in all cases except family law cases.)*
   The court ☐ did  ☒ did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: July 11, 2024

GARY S. BROTMAN
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶                                         (SIGNATURE)

*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶                                         (SIGNATURE)

** If a cross-complaint - or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

4. ☒ Dismissal entered as requested on (date): 07/11/2024
5. ☐ Dismissal entered on (date):                as to only (name):
6. ☐ Dismissal **not entered** as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: 07/11/2024               Clerk, by                                  , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: VALERIE MARRUQUIN | CASE NUMBER: |
| DEFENDANT/RESPONDENT: GARDAWORLD FEDERAL SERVICES, LLC, et al | CVPS2403707 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

---

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 9100 Wilshire Boulevard, Suite 445, East Tower, Beverly Hills, California 90212.

On July 11, 2024 I served the foregoing document(s) described as:

**REQUEST FOR DISMISSAL**

on all interested parties in this action by transmitting a true copy of the document(s) described above, addressed as follows:

**SEE ATTACHED SERVICE LIST**

(X)    **BY MAIL** as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Beverly Hills, California.

( )    **BY PERSONAL SERVICE:**  I caused to be delivered such envelope by hand to the above addressee(s).

( )    **BY OVERNIGHT COURIER:**  I am "readily familiar" with the firm's practice of collecting and processing overnight deliveries, which includes depositing such packages in a receptacle used exclusively for overnight deliveries.  The packages were deposited before the regular pickup time and marked accordingly for delivery the next business day.

(X)    **BY ELECTRONIC TRANSMISSION:**  Participants in this case were served electronically to the address of the recipient(s) as set forth below. I am readily familiar with the Code of Civil Procedure and California Rules of Court for electronic service and this document/these documents were duly served electronically in accordance with said rules and regulations on the date stated above, and the transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on July 11, 2024 at Beverly Hills, California.

*Kimberly Gomez Garcia*
Kimberly Gomez Garcia

SERVICE LIST:

| | |
|---|---|
| Gardaworld Federal Services, LLC<br>c/o CSC Lawyers Incorporating Service<br>2710 Gateway Oaks Drive Suite 150N<br>Sacramento, CA 95833 | *Agent for Service of Process for Gardaworld Federal Services, LLC* |
| Aegis Defense Services LLC<br>c/o Corporation Service Company<br>251 Little Fails Dr.<br>Wilmington, DE l9808 | *Agent for Service of Process for Aegis Defense Services, LLC* |
| Jackson Lewis P.C.<br>c/o Shannon B. Nakabayashi<br>50 California Street 9th Floor<br>San Francisco, CA 94111<br>E: Shannon.Nakabayashi@jacksonlewis.com | *Attorney for Defendants Gardaworld Federal Services, LLC and Aegis Defense Services LLC* |
| Aegis, LLC<br>c/o David Elliot<br>2028 3rd Avenue<br>San Diego, CA 92101 | *Agent for Service of Process for Aegis, LLC* |

# EXHIBIT C

Shannon B. Nakabayashi (State Bar No. 215469)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail:  Shannon.Nakabayashi@jacksonlewis.com

Veena Bhatia (State Bar No. 339939)
JACKSON LEWIS P.C.
160 West Santa Clara Street, Suite 400
San Jose, California 95113
Telephone: (408) 579-0404
Facsimile: (408) 454-0290
E-mail:  Veena.Bhatia@jacksonlewis.com

Attorneys for Defendants
GARDAWORLD FEDERAL SERVICES, LLC,
and AEGIS DEFENSE SERVICES LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

| | |
|---|---|
| VALERIE MARRUQUIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company, AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company, AEGIS LLC, a California limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CVPS2403707<br><br>**DEFENDANTS GARDAWORLD FEDERAL SERVICES, LLC, AND AEGIS DEFENSE SERVICES LLC'S ANSWER TO PLAINTIFF VALERIE MARRUQUIN'S COMPLAINT**<br><br>Dept.:    PS2<br>Judge:    Hon. Manuel Bustamante<br><br>Complaint Filed:    06/07/2024<br>Trial Date:    None Set |

Defendants Garda World Federal Services, LLC, and Aegis Defense Services LLC (collectively "Defendants"), by and through their undersigned counsel, hereby submit the following answer and defenses to the allegations made against them in the unverified Complaint filed by Plaintiff Valerie Marruquin ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally deny each and every allegation set forth in Plaintiff's Complaint. Defendants further deny that Plaintiff is entitled to any of the relief requested therein. Defendants deny that they are guilty of any wrongful conduct or omission, whether alleged or otherwise, and deny that any conduct or omission of Defendants caused any injury or damage to Plaintiff in the amount alleged, an amount to be alleged, or otherwise.

**SEPARATE AFFIRMATIVE DEFENSES**

Defendants hereby state the following defenses to the Complaint but do not assume the burden of proof on any such defense except as required by applicable law.  Defendants reserve the right to assert additional defenses or otherwise supplement these defenses upon discovery of facts or evidence rendering such action appropriate.

**FIRST AFFIRMATIVE DEFENSE**

*Statutes of Limitations*

Plaintiff's claims are barred, in whole or in part, to the extent the cause of action falls outside the applicable statute of limitations under California Code of Civil Procedure § 338(a).

**SECOND AFFIRMATIVE DEFENSE**

*Management Discretion*

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred in that Defendants' actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and based on legitimate, nonretaliatory reasons.

**THIRD AFFIRMATIVE DEFENSE**

*Offset*

Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff subsequent to her separation from employment with Defendants. Such income shall include, without limitation, all earned income, state disability payments, social security disability payments, private disability insurance benefits, Medi-Cal and Medicare benefits, and any other

1  monies paid to Plaintiffs in compensation for services rendered under any federal, state or local

2  program or from any private insurance company.

3  **FOURTH AFFIRMATIVE DEFENSE**

4  *Workers' Compensation Preemption*

5  To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges

6  emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the

7  exclusivity of remedy under the California Workers' Compensation Act, Labor Code section

8  3200, *et seq*., as such emotional or physical injury does not exceed the normal risks of the

9  employment relationship.

10  **FIFTH AFFIRMATIVE DEFENSE**

11  *After-Acquired Evidence*

12  On information and belief, Plaintiff is barred from any recovery by the doctrine of after-

13  acquired evidence.

14  **SIXTH AFFIRMATIVE DEFENSE**

15  *Legitimate Business Justification*

16  Any recovery on the Complaint, or any purported cause of action alleged therein, is

17  barred because, assuming arguendo that discriminatory or retaliatory reasons had been a

18  motivating factor in any employment decisions toward Plaintiff, Defendants would have made

19  the same employment decisions in any case for legitimate, non-retaliatory business reasons.

20  **SEVENTH AFFIRMATIVE DEFENSE**

21  *Failure to Mitigate*

22  Defendants allege, based on information and belief, that all or part of the damages

23  allegedly suffered by Plaintiff, if any, occurred as a direct or proximate result of her own failure

24  to exercise due diligence and reasonable care to mitigate her damages. Plaintiff's recovery, if

25  any, must be reduced accordingly.

26  / / /

27  / / /

28

## EIGHTH AFFIRMATIVE DEFENSE

*At-Will Employment*

Any recovery on Plaintiff's Complaint is barred because Plaintiff's term of employment was for an unspecified duration and therefore pursuant to Labor Code § 2922, terminable at will, with or without cause, in Defendants' sole discretion.

## NINTH AFFIRMATIVE DEFENSE

*Due Process Clause*

To the extent that Plaintiff's Complaint, or any purposed cause of action alleged therein, claims punitive damages, recovery is limited under the Due Process Clause. *State Farm Mutual Auto Insurance Company. v. Campbell* (2003) 538 U.S. 408, 416.

## TENTH AFFIRMATIVE DEFENSE

*Equitable Doctrines*

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver and release, estoppel, and unclean hands.

## RESERVATION OF DEFENSES

Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendants reserve their right to amend or assert additional affirmative defenses, if and to the extent such defenses are applicable and may become known.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **WHEREFORE**, Defendants pray for judgment as follows:

2    1.    That Plaintiff take nothing by the Complaint;

3    2.    That the Complaint be dismissed in its entirety with prejudice;

4    3.    That Plaintiff be denied each and every demand and prayer for relief contained in

5    the Complaint;

6    4.    For cost of suits incurred herein, including reasonable attorneys' fees; and

7    5.    For such other and further relief as the Court deems just and equitable.

8

9    Dated:  July 29, 2024                    JACKSON LEWIS P.C.

10

11    By: _____

12    Shannon B. Nakabayashi
      Veena Bhatia

13    Attorneys for Defendants
      GARDAWORLD FEDERAL SERVICES,
      LLC, and AEGIS DEFENSE SERVICES

14    LLC

15

16    4861-1494-9587, v. 1

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS GARDAWORLD FEDERAL SERVICES, LLC, AND AEGIS DEFENSE SERVICES LLC'S
ANSWER TO PLAINTIFF VALERIE MARRUQUIN'S COMPLAINT

1

## PROOF OF SERVICE

2          I, the undersigned, declare that I am employed with the law firm of Jackson Lewis P.C.,

3  whose address is 160 W. Santa Clara St., Suite 400, San Jose, CA  95113.  I am over the age of

4  eighteen (18) years and am not a party to this action.

5          On the date indicated below, I served the below-listed documents in this action by

6  placing true and correct copies thereof, enclosed in a sealed envelope, addressed to Plaintiff's

7  counsel as follows:

8          **DOCUMENTS SERVED:**

9  **DEFENDANTS GARDAWORLD FEDERAL SERVICES, LLC, AND AEGIS DEFENSE
   SERVICES LLC'S ANSWER TO PLAINTIFF VALERIE MARRUQUIN'S**
10 **COMPLAINT**

11

| Gary S. Brotman | Attorney for Plaintiff |
|---|---|
| Diego Gallego Gómez | |
| MARQUEE LAW GROUP, A | Valerie Marruquin |
| Professional Corporation | |
| 9100 Wilshire Boulevard, Suite 445 East Tower | |
| Beverly Hills, California 90212 | |
| Tel: (310) 275-1844 | |
| Fax: (310) 275-1801 | |
| Email: gary@marqueelaw.com | |
| diego@marqueelaw.com | |

19  ☒  **BY MAIL**:  United States Postal Service - By placing a sealed envelope with the postage
       thereon fully prepaid, placed for collection and mailing on this date, following ordinary
20     business practices, in the United States mail at San Jose, California.

21          I declare under penalty of perjury under the laws of the State of California that the above

22  is true and correct.  Executed on July 29, 2024, at San Jose, California.

23

24                                                          _____
                                                                    Valynn R. Castro
25  4861-1494-9587, v. 1

26

27

28

                                        6                           Case No. CVPS2403707

**EXHIBIT D**

Electronically FILED by Superior Court of California, County of Riverside on 06/07/2024 07:12 PM
Case Number CVPS2403707 0000095527153 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company; AEGIS
DEFENSE SERVICES LLC, a Delaware limited liability company; AEGIS LLC, a California
limited liability company; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VALERIE MARRUQUIN, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER:** *(Número del Caso):* CVPS2403707 |
| Palm Springs Courthouse 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Gary S. Brotman (SBN 287726)
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marquee Law Group, APC 9100 Wilshire Blvd., Ste 445 East Tower, Beverly Hills, CA 90212 (310) 275-1844

DATE:    06/07/2024     Clerk, by _____, Deputy
*(Fecha)*                 *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [x] other *(specify):* Corp. Code 17701.16, limited liability company
4. [ ] by personal delivery on *(date):*

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gary S. Brotman (SBN 287726)<br>Marquee Law Group, APC<br>9100 Wilshire Blvd., Ste 445 East Tower<br>Beverly Hills, CA 90212<br>   TELEPHONE NO.: (310) 275-1844     FAX NO. *(Optional):* (310) 275-1801<br>   E-MAIL ADDRESS: gary@marqueelaw.com<br>ATTORNEY FOR *(Name):* VALERIE MARRUQUIN | Electronically FILED by Superior Court of California, County of Riverside on 06/07/2024 07:12 PM<br>Case Number CVPS2403707 0000095527152 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 3255 E. Tahquitz Canyon Way
MAILING ADDRESS:
CITY AND ZIP CODE: Palm Springs, CA 92262
BRANCH NAME: Palm Springs Courthouse

CASE NAME:
   VALERIE MARRUQUIN v. GARDAWORLD FEDERAL SERVICES, LLC, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [X] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVPS2403707 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve         courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence         court
                                                          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 7, 2024

GARY S. BROTMAN
_____          ►          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2403707

**Case Name:**   MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Manuel Bustamante in Department PS2 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 06/26/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: 

_____
V. Lopez, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**   CVPS2403707

**Case Name:**   MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

GARY SOLOMON BROTMAN
9100 WILSHIRE BLVD STE 445
Beverly Hills, CA 90212

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/03/2025 | 8:30 AM | **Department PS2** |
| Location of Hearing:<br>    **3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/26/2024                                          JASON B. GALKIN,
                                                          Court Executive Officer/Clerk of the Court

                                                          _____
                                                          V. Lopez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2403707

**Case Name:**    MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED
LIABILITY COMPANY

VALERIE MARRUQUIN

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/03/2025 | 8:30 AM | **Department PS2** |
| Location of Hearing: 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. *A Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/26/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
V. Lopez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2403707

**Case Name:**    MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED
LIABILITY COMPANY

GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/03/2025 | 8:30 AM | Department PS2 |
| **Location of Hearing:** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/26/2024                                            JASON B. GALKIN,
                                                             Court Executive Officer/Clerk of the Court


                                                    by:  _____
                                                             V. Lopez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2403707

**Case Name:**    MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

AEGIS DEFENSE SERVICES LLC, A DELAWARE LIMITED LIABILITY COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/03/2025 | 8:30 AM | Department PS2 |
| Location of Hearing:<br>3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | |
|---|---|
| | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/26/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

V. Lopez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:** CVPS2403707

**Case Name:** MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

AEGIS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 01/03/2025 | 8:30 AM | Department PS2 |
| Location of Hearing: 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-922-1726 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




| | |
|---|---|
| | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 06/26/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

V. Lopez, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVPS2403707

BROTMAN, GARY SOLOMON
9100 WILSHIRE BLVD STE 445
Beverly Hills, CA 90212

MARRUQUIN, VALERIE

AEGIS DEFENSE SERVICES LLC, A
DELAWARE LIMITED LIABILITY COMPANY

GARDAWORLD FEDERAL SERVICES, LLC,
A DELAWARE LIMITED LIABILITY
COMPANY

AEGIS LLC, A CALIFORNIA LIMITED
LIABILITY COMPANY

Electronically FILED by Superior Court of California, County of Riverside on 06/07/2024 07:12 PM
Case Number CVPS2403707 0000095527154 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☒ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br>Gary S. Brotman (SBN 287726)<br>Marquee Law Group, APC<br>9100 Wilshire Blvd., Ste 445 East Tower<br>Beverly Hills, CA 90212(310)<br>TELEPHONE NO: (310) 275-1844    FAX NO. *(Optional)*: (310) 275-1801<br>E-MAIL ADDRESS *(Optional)*: gary@marqueelaw.com<br>ATTORNEY FOR *(Name)*: VALERIE MARRUQUIN | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF/PETITIONER: VALERIE MARRUQUIN | |
| DEFENDANT/RESPONDENT: GARDAWORLD FEDERAL SERVICES, LLC, et al | CASE NUMBER:<br>CVPS2403707 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  **92201** _____

☐    The action concerns real property located in the zip code of: _____

☐    The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  June 7, 2024 _____

**GARY S. BROTMAN** _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

**Page 1 of 1**

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
***INFORMATION PACKAGE***

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
  - want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
  - do not want to risk going through both arbitration and trial (Judicial Arbitration)
  - do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
  - The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
  - Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
    Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
    Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
    Chapman University School of Law Mediation Clinic (services only available at the court)

**Page 2 of 2**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563 |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262 |
| | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-ADR001**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*)

*FOR COURT USE ONLY*

TELEPHONE NO:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration   ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)         (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)         (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)         (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

_____    _____    _____
(PRINT NAME OF PARTY OR ATTORNEY)         (SIGNATURE OF PARTY OR ATTORNEY)              (DATE)
☐ Plaintiff  ☐ Defendant

Page 1 of 1

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localrms/localfrms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**  CVPS2403707

**Case Name:**  MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

GARY SOLOMON BROTMAN
9100 WILSHIRE BLVD STE 445
Beverly Hills, CA 90212

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Proof of service* for the reason(s) indicated below:

Unable to process Proof of service received via efiling on 07/01/2024, transaction #24RSCR00803079. Defendant is named as " AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company " make correction and resubmit.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 07/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

V. Lopez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
www.riverside.courts.ca.gov

**Case Number:**    CVPS2403707

**Case Name:**    MARRUQUIN vs GARDAWORLD FEDERAL SERVICES, LLC, A DELAWARE LIMITED LIABILITY COMPANY

VALERIE MARRUQUIN

## NOTICE OF RETURN DOCUMENT

The court is unable to process the *Proof of service* for the reason(s) indicated below:

Unable to process Proof of service received via efiling on 07/01/2024, transaction #24RSCR00803079. Defendant is named as " AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company " make correction and resubmit.

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 07/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
V. Lopez, Deputy Clerk

CW-NDR
(Rev. 10/07/21)

Electronically FILED by Superior Court of California, County of Riverside on 07/03/2024 12:49 PM
Case Number CVPS2403707 0000097868546 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| MARQUEE LAW GROUP, A Professional Corporation<br>Gary Brotman SBN 287726<br>9100 WILSHIRE BLVD. STE 445 EAST TOWER<br>BEVERLY HILLLS, CA 90212<br>TELEPHONE NO: 3102751844     FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:  OFFICE@MARQUEELAW.COM<br>ATTORNEY FOR *(Name)*:  Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Riverside |
|---|
| STREET ADDRESS:  3255 E. Tahquitz Canyon Way |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Palm Springs, 92262-6996 |
| BRANCH NAME:  Riverside-Palm Springs |

| PLAINTIFF / PETITIONER:   Valerie Marruquin | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Gardaworld Federal Services, LLC, et al. | CVPS2403707 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>11330621 (23226533) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:   Certificate of Counsel, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Department Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
   AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Corporation Service Company - Person Authorized to Accept Service of Process
4. Address where the party was served:
   251 Little Falls Dr. , Wilmington, DE 19808
5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                      (2) at *(time)*:
   b. [X] by substituted service. On *(date)*:  Mon, Jul 01 2024          at *(time)*:   03:15 PM       I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Donna "Doe", 57/F/C/150/5'6"/Brown Hair, Intake Specialist
      (1) [X] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [X] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
      from *(city)*:                                           or [X] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:  Valerie Marruquin | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:  Gardaworld Federal Services, LLC, et al. | CVPS2403707 |

5.  c.  [ ]  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date)*:              (2)  from *(city)*:

    (3)  [ ]  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  [ ]  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  [ ]  **by other means** *(specify means of service and authorizing code section)*:

    [ ]  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  [ ]  as an individual defendant.

  b.  [ ]  as the person sued under the fictitious name of *(specify)*:

  c.  [ ]  as occupant.

  d.  [X]  On behalf of *(specify)*:    AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [ ]  416.10 (corporation) | [ ]  415.95 (business organization, form unknown) |
| [ ]  416.20 (defunct corporation) | [ ]  416.60 (minor) |
| [ ]  416.30 (joint stock company/association) | [ ]  416.70 (ward or conservatee) |
| [ ]  416.40 (association or partnership) | [ ]  416.90 (authorized person) |
| [ ]  416.50 (public entity) | [ ]  415.46 (occupant) |
| [X]  other:   Corp. Code 17701.16, Limited Liability Company | |

7.  **Person who served papers**

  a.  Name:          Sharlene Brooks

  b.  Address:        1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954

  c.  Telephone number:    800-938-8815

  d.  **The fee** for service was:    $110

  e.  I am:

    (1)  [X]  not a registered California process server.

    (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).

    (3)  [ ]  a registered California process server:

      (i)  [ ]  owner  [ ]  employee  [X] independent contractor

      (ii)  Registration No:   N/A

      (iii)  County:   N/A

8.  [X]  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  [ ]  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   July 2, 2024

Sharlene Brooks

_____

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____  (SIGNATURE)

MC-031

| PLAINTIFF / PETITIONER: | Valerie Marruquin | CASE NUMBER: |
|---|---|---|
| DEFENDANT / RESPONDENT: | Gardaworld Federal Services, LLC, et al. | CVPS2403707 |

## DECLARATION OF MAILING
(This form must be attached to another form or court paper before it can be filed in court.)

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N McDowell Blvd, Suite 300, Petaluma, CA 94954.

On 7/2/2024, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Information Package, Certificate of Counsel, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Case Management Conference, Notice of Department Assignment

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma, CA, addressed as follows:

AEGIS DEFENSE SERVICES LLC, a Delaware limited liability company
Corporation Service Company - Person Authorized to Accept Service of Process
251 Little Falls Dr.
Wilmington, DE 19808.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/2/2024

Sandra Alcala
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for  ☐ Plaintiff  ☐ Petitioner  ☐ Defendant
☐ Respondent  ☒ Other (Specify): InfoTrack US, Inc.

Form Approved for Optional Use
Judicial Council of California
MC-031 [Rev.July 1, 2005]

**ATTACHED DECLARATION**

Page 1 of 1

Electronically FILED by Superior Court of California, County of Riverside on 07/05/2024 04:33 PM
Case Number CVPS2403707 0000098035332 - Jason B. Galkin, Executive Officer/Clerk of the Court By Angela Skelton, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Marquee Law Group, APC<br>Gary Brotman SBN 287726<br>9100 Wilshire Boulevard, Suite 445 East Tower<br>Beverly Hills, California 90212<br>　　TELEPHONE NO:　3102751844　　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　OFFICE@MARQUEELAW.COM<br>　ATTORNEY FOR *(Name)*:　Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　Riverside | |
|---|---|
| 　STREET ADDRESS:　3255 E. Tahquitz Canyon Way<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE:　Palm Springs, 92262-6996<br>　BRANCH NAME:　Riverside-Palm Springs | |

| PLAINTIFF / PETITIONER:　Valerie Marruquin<br>DEFENDANT / RESPONDENT:　Gardaworld Federal Services, LLC, et al. | CASE NUMBER:<br>CVPS2403707 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>11330618 (23226532) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*:　Certificate of Counsel, Notice of Case Management Conference, Notice of Department Assignment

3. a. Party served *(specify name of party as shown on documents served)*:
   　AEGIS LLC, a California limited liability company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   　DAVID ELLIOT - Person Authorized to Accept Service of Process

4. Address where the party was served:
   　2028 Third Ave, San Diego, CA 92101

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:　Mon, Jul 01 2024　　(2) at *(time)*:　12:08 PM
   b. [ ] **by substituted service.** On *(date)*:　　　　　at *(time)*:　　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   　(1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   　(2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
   　(3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
   　(4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:　　　　　from *(city)*:　　　　　or [ ] a declaration of mailing is attached.
   　(5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

---

**PROOF OF SERVICE OF SUMMONS**

| PLAINTIFF / PETITIONER:   Valerie Marruquin | CASE NUMBER: |
|---|---|
| DEFENDANT / RESPONDENT:   Gardaworld Federal Services, LLC, et al. | CVPS2403707 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*:      (2)  from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*:    AEGIS LLC, a California limited liability company
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | ☒ other:   Corp. Code 17701.16, Limited Liability Company | |

7. **Person who served papers**
   a. Name:                       Kevin Antunez
   b. Address:                    1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954
   c. Telephone number:           800-938-8815
   d. **The fee** for service was:  $85.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i)  ☐ owner  ☐ employee  ☒ independent contractor
         (ii)  Registration No:   3366
         (iii)  County:   San Diego

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   July 1, 2024

Kevin Antunez
_____
   (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
                              (SIGNATURE)

Electronically FILED by Superior Court of California, County of Riverside on 07/01/2024 02:27 PM
Case Number CVPS2403707 0000097583037 - Jason B. Galkin, Executive Officer/Clerk of the Court By Howard Carver, Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | *FOR COURT USE ONLY* |
|---|---|
| MARQUEE LAW GROUP, A Professional Corporation<br>Gary Brotman SBN 287726<br>9100 Wilshire Boulevard, Suite 445 East Tower<br>Beverly Hills, California 90212<br>　　　TELEPHONE NO:　310-275-1844　　　FAX NO *(Optional)*:<br>　E-MAIL ADDRESS *(Optional)*:　OFFICE@MARQUEELAW.COM<br>　ATTORNEY FOR *(Name)*:　Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF　　Riverside |
|---|
| 　STREET ADDRESS:　3255 E. Tahquitz Canyon Way<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE:　Palm Springs, 92262-6996<br>　BRANCH NAME:　Riverside-Palm Springs |

| PLAINTIFF / PETITIONER:　Valerie Marruquin<br>DEFENDANT / RESPONDENT:　Gardaworld Federal Services, LLC, et al. | CASE NUMBER:<br>CVPS2403707 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>11330619 (23226530) |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents):*　Certificate of Counsel, Notice of Case Management Conference, Notice of Department Assignment
3. a. Party served *(specify name of party as shown on documents served):*
      GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CSC Lawyers Incorporating Service - Koy Saechao - Person Authorized to Accept Service of Process
4. Address where the party was served:
   2710 Gateway Oaks Drive Suite 150N, Sacramento, CA 95833
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*　Fri, Jun 28 2024　　　(2) at *(time):*　01:30 PM
   b. [ ] **by substituted service.** On *(date):*　　　　at *(time):*　　　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*　　　or [ ] a declaration of mailing is attached.
         from *(city):*
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**

| | |
|---|---|
| PLAINTIFF / PETITIONER:   Valerie Marruquin | CASE NUMBER: |
| DEFENDANT / RESPONDENT:   Gardaworld Federal Services, LLC, et al. | CVPS2403707 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
  (1)   on *(date)*:                                        (2)   from *(city)*:
  (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
  (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section)*:

        ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   ☐   as an individual defendant.
  b.   ☐   as the person sued under the fictitious name of *(specify)*:
  c.   ☐   as occupant.
  d.   ☒   On behalf of *(specify)*:    GARDAWORLD FEDERAL SERVICES, LLC, a Delaware limited liability company
        under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐   416.10 (corporation) | ☐   415.95 (business organization, form unknown) |
| ☐   416.20 (defunct corporation) | ☐   416.60 (minor) |
| ☐   416.30 (joint stock company/association) | ☐   416.70 (ward or conservatee) |
| ☐   416.40 (association or partnership) | ☐   416.90 (authorized person) |
| ☐   416.50 (public entity) | ☐   415.46 (occupant) |
| ☒   other:    Corp. Code 17701.16, Limited Liability Company | |

7.   **Person who served papers**
  a.   Name:                        Tyler Di Maria
  b.   Address:                    1400 N McDowell Blvd, Suite 300, Petaluma, CA  94954
  c.   Telephone number:      800-938-8815
  d.   **The fee** for service was:    $40.00
  e.   I am:
    (1)   ☐   not a registered California process server.
    (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).
    (3)   ☒   a registered California process server:
        (i)    ☐ owner   ☐ employee   ☒ independent contractor
        (ii)   Registration No:    2006-06
        (iii)  County:   Sacramento

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
        or
9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:   June 28, 2024

Tyler Di Maria
_____
    (NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 N McDowell Blvd, Suite 300
Petaluma, CA  94954
800-938-8815

_____
                                    (SIGNATURE)